### R. L. Foard *et al.* v. The State.

1. **Bail-bonds and Recognizances.** — The requisites prescribed by the Code of Criminal Procedure for bail-bonds and recognizances are applicable to all such undertakings in criminal cases, whether entered into before or after indictment or information.

2. **Same.** — A bail-bond which obligates the principal obligor to appear and answer "the charge of the state of Texas of gift enterprise" neither names nor imports any offense against the laws of this state, and is not sufficient to support a judgment against the obligors.

Error from the County Court of Colorado.    Tried below before the Hon. J. W. Johnson, County Judge.

*Foard & Thompson*, for the plaintiffs in error.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.    The plaintiffs in error seek a reversal of a judgment rendered against them, as the sureties of one Ned Parker, on a forfeited bail-bond for the sum of $250, dated March 6, 1877, and conditioned as follows:

"Now, the condition of the above bond is such that, whereas the said Ned Parker has been bound over to the honorable County Court of Colorado County, to answer the charge of the state of Texas with gift enterprise, now, should the said Ned Parker make his personal appearance at the next regular term of said court, and there remain from day to day, and from term to term, until discharged by the court, and abide the decision therein, then this bond to be void; else to remain in full force and effect in law."

In answer to *scire facias* served on the sureties, the plaintiffs in error, they said the judgment *nisi* ought not to be made final, for the reason that the information does not charge the defendant with any offense against the penal laws of this state, and that the bond on which they are sureties

does not bind the defendant to answer to any offense against the penal laws of this state, and that the bond is illegal, defective, vague, and void ; and they asked to go hence with their costs. A jury was waived, and the cause was submitted to the court, and the judgment *nisi* was made final against the sureties ; to which they excepted and gave notice of appeal. They assign as error (1) that the offense of which the defendant, Ned Parker, is accused is not distinctly stated in the bond upon which the judgment is rendered against them, and (2) that it does not appear that their principal is accused of any offense against the laws of the state, but that it does appear affirmatively that the defendant, Ned Parker, is accused of no offense against the laws of the state, in the bond upon which the judgment was rendered against them.

The requisites of a bail-bond are laid down in article 264 of the Code of Criminal Procedure (Pasc. Dig., art. 2732), and, among other things, it is required that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state.

The rules laid down in the Code, respecting recognizances and bail-bonds, apply to all such undertakings when entered into in the course of a criminal action, either before or after indictment or information. Pasc. Dig., art. 2733.

If the person who drew the bail-bond in this case endeavored to state in it any offense against the laws of the state, his effort was a failure ; but, if it was his intention not to state any such offense, then his effort was a decided success.

To bind a party to answer " the charge of the state of Texas with gift enterprise " does not meet the demands of the law as above stated, which requires " that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state."

The bond which is the foundation of this proceeding is not sufficient to support the judgment rendered upon it. The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*